**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**FARMERS NEW WORLD LIFE INSURANCE COMPANY,**

***Plaintiff***

**v.** **No. 1:26-cv-2427**

**FLORY ZUNIGA CEGLIO, JAMES EARLE MUNDY, and HAILEY PEDROZA,**

***Defendants***

**<u>COMPLAINT FOR INTERPLEADER RELIEF</u>**

Plaintiff Farmers New World Life Insurance Company respectfully submits its Complaint for Interpleader Relief pursuant to Fed. R. Civ. P. 22 against Flory Zuniga Ceglio, James Earle Mundy, and Hailey Pedroza, and states:

**Parties**

1. Plaintiff Farmers New World Life Insurance Company ("FNWL") is a corporation incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.

2. Defendant Flory Zuniga Ceglio ("Ceglio") is a citizen of Texas. Ceglio was formerly known as Flory Zuniga Mundy.

3. Defendant James Earle Mundy ("Mundy") is a citizen of Texas.

4. Defendant Hailey Pedroza ("Pedroza") is a citizen of Texas.

**Jurisdiction and Venue**

5. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as FNWL is a citizen of Washington and

Defendants are citizens of Texas. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Factual Background**

7. On or about August 28, 2017, Joshua Mundy f/k/a Joshua Ceglio (the "Decedent") applied for life insurance policy number 002506171U from FNWL ("Policy No. -171U"). *See* -171U Application (**Exhibit A**).

8. The Application listed the Decedent's parents Ceglio and Mundy as co-owners of Policy No. -171U. *See id.*

9. The Application designated Ceglio as the 100% primary beneficiary of Policy No. -171U. *See id.*

10. On or about September 15, 2017, FNWL issued Policy No. -171U with a $50,000 death benefit insuring the life of the Decedent. *See* Policy No. 171U (**Exhibit B**).

11. On or about November 8, 2021, the Decedent applied for life insurance policy number 003022129 from FNWL ("Policy No. -2129"). *See* -2129 Application (**Exhibit C**).

12. The Application listed the Decedent as the owner of Policy No. -2129. *See id.*

13. The Application designated Mundy as the 100% primary beneficiary of the Policy. *See id.*

14. On or about February 17, 2022, FNWL issued Policy No. -2129 with a $500,000 death benefit insuring the life of the Decedent. *See* Policy No. -2129 (**Exhibit D**).

15. On April 15, 2024, Ceglio and Mundy were divorced by Agreed Final Decree of Divorce entered in *In the Matter of the Marriage of Flory Zuniga Mundy and James Earle Mundy*,

No. 53276, County Court at Law, Burnet County, Texas (the "Divorce Decree"). Divorce Decree (**Exhibit E**).

16. The Divorce Decree states, "[a]ll policies of life insurance (including cash values) insuring the life of [the Decedent], including the [FNWL] policy ending in 171U, are herein awarded to [the Decedent.]" *Id.* at 5.

17. FNWL never received a request to change the ownership of Policy No. -171U.

18. The Decedent died on April 27, 2026.

19. As a result of the Decedent's death, the Policies' death benefits became payable to the beneficiary or beneficiaries.

20. FNWL did not receive any request to change the beneficiaries of the Policies prior to the Decedent's death.

21. On or about June 15, 2026, FNWL received a letter from counsel for Pedroza asserting a claim to the Policies' death benefits. *See* June 15, 2026 Letter (**Exhibit F**).

22. The June 15, 2025 Letter asserts Pedroza is the Decedent's surviving spouse, challenges the validity of the Policies' beneficiary designations, and asserts equitable and community property claims. *See id.*

23. FNWL is unable to determine the proper beneficiary or beneficiaries of the Policies' death benefits.

**Cause of Action – Interpleader Relief**

24. FNWL incorporates the foregoing Paragraphs herein by reference.

25. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the benefits described above, and FNWL is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

26. FNWL is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policies.

27. FNWL neither has, nor claims, any interest in the benefits due under the Policies and at all times has been willing to pay the benefits to the person or persons entitled to them.

28. FNWL should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of FNWL.

29. FNWL has in no way colluded with any of the parties named herein concerning the matters of this case. FNWL has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

30. FNWL will move for leave to deposit into the Registry of the Court the benefits due and owing under the Policies.

31. FNWL is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

32. FNWL is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22.

**Relief Requested**

WHEREFORE, Plaintiff Farmers New World Life Insurance Company respectfully requests the following relief:

a. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the benefits, or any part thereof, rightfully belongs, and how they make their claims thereto;

b. That this Court determine and declare the rights of the Defendants to the benefits due and owing under the Policies;

c. That this Court discharge FNWL of and from any and all further liability under the

Policies and on account of the death of Joshua Mundy;

d. That Defendants be enjoined from instituting or prosecuting against FNWL any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under the Policies and on account of the death of Joshua Mundy, and that said injunction issue without bond or surety;

e. That this Court enter an order awarding FNWL its reasonable attorneys' fees and costs incurred in connection with this action, to be deducted from the death benefit due and owing under the Policies;

f. That this Court excuse FNWL from further attendance upon this cause and dismiss FNWL from this case, with prejudice; and

g. That this Court grant FNWL such other and further relief as this Court deems just and equitable.

Dated: September 1, 2026

Respectfully submitted,

**BRESSLER, AMERY & ROSS, P.C.**

*s/ Donald R. Littlefield*
Donald R. Littlefield
Bar Number 12427350
16475 Dallas Parkway, Suite 555
Addison, TX 75001
Tel.: (972) 733-2900
Fax: (713) 403-6410
dlittlefield@bressler.com

*Counsel for Plaintiff Farmers New World Life Insurance Company*